UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICK SANDERS,

      **Plaintiff,**

v.                                   **CASE NO:**

ORANGE COUNTY GOVERNMENT,

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICK SANDERS, (hereinafter "Plaintiff" or "Mr. Sanders"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, ORANGE COUNTY GOVERNMENT (hereinafter "Defendant," or "the County") and alleges:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, Orange County Government, his former employer, seeking to recover damages for unlawful discrimination based on race and gender, hostile work environment, and retaliation in violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII")

and its implementing Regulations; and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, subjected him to a hostile work environment, altered the terms, conditions, and privileges of his employment because of his race (Black) and gender (male), and retaliated against him in violation of his rights under Title VII and the FCRA, ultimately resulting in his demotion and constructive discharge.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages including, but not limited to loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer the loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Orange County, Florida.

## PARTIES

8. Plaintiff is a forty-five-year-old Black male.

9. Plaintiff is a member of a class protected against discrimination and retaliation based on his race and gender under Title VII and the FCRA.

10. During the period from June 4, 2007, until December 5, 2023, Defendant employed Plaintiff, initially as a Maintenance Technician and

later as a Facilities Maintenance Supervisor.

11.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.    At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII and the FCRA.

13.    The Defendant, ORANGE COUNTY GOVERNMENT, is a government entity with its primary address at 2100 E. Michigan St., Orlando, FL 32806, and corporate office at 450 E South St, Orlando, FL 32801.

14.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Orange County, Florida.

15.    At all times material herein, Defendant employed fifteen (15) or more employees and met, and continues to meet, the definition of "employer" under all applicable federal and state statutes including, but not limited to, Title VII and the FCRA.

16.    Accordingly, Defendant is liable under Title VII and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.    Plaintiff has properly exhausted all administrative prerequisites

prior to filing the instant lawsuit.

18.   On November 6, 2023, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, race and gender discrimination, hostile work environment, and retaliation.

19.   On November 5, 2024, the EEOC issued Plaintiff a Notice of Right to Sue in reference to his Charge of Discrimination (EEOC Charge No. 510-2024-01212) against Defendant.

20.   More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring his FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.   All conditions precedent to bringing this action have been performed or have occurred.

### GENERAL ALLEGATIONS

22.   On June 4, 2007, Plaintiff began his employment with Defendant

as a Maintenance Technician in the Community & Family Services Department, Head Start Division.

23.    Throughout his employment, Plaintiff performed his job duties in an exemplary manner, consistently meeting or exceeding performance expectations, which led to his promotion to Facilities Maintenance Supervisor on September 8, 2019.

24.    As Facilities Maintenance Supervisor, Plaintiff was responsible for overseeing maintenance operations, managing staff, coordinating with vendors, and ensuring compliance with facility maintenance protocols.

25.    From the beginning of his supervisory role, Plaintiff was subjected to discriminatory treatment by his direct supervisor, Sandra Ruff (white female), and fellow manager Ken Kifier (white male).

26.    Unlike his white counterparts, Plaintiff was consistently denied appropriate training opportunities necessary for his position. When Plaintiff requested training, Ms. Ruff would dismiss his requests with "I don't know," while ensuring white co-workers received extensive training opportunities.

27.    Throughout his employment as Facilities Maintenance Supervisor, Ken Kifier displayed hostile and racist behavior toward Plaintiff, including yelling and slamming his hands during meetings. Despite

Plaintiff's complaints about this behavior, and Ms. Ruff's acknowledgment that Kifier was "racist," no corrective action was taken.

28.    Ms. Ruff actively undermined Plaintiff's authority by discussing his management skills with his direct staff, which resulted in staff members stopping following his directives. She also issued conflicting directives to Plaintiff's staff without informing him, causing confusion and openly questioning the chain of command.

29.    Plaintiff was subjected to discriminatory treatment regarding leave requests. His approved vacation requests were frequently rescinded without justification, and his FMLA leave was improperly denied. In contrast, Pedro Burris, a Hispanic employee, and female staff members were not subject to similar restrictions on their leave requests.

30.    Ms. Ruff regularly bullied, disrespected, and disregarded Plaintiff, including subjecting him to public humiliation in front of staff members.

31.    On April 17, 2023, Plaintiff received notice of pending disciplinary action based on alleged violations of volunteer and purchasing policies.

32.    On May 23, 2023, a Pre-Determination Hearing was held

regarding these allegations. The hearing process itself reflected discriminatory treatment, as similar infractions by non-Black and female employees did not result in comparable disciplinary actions.

33.    On July 11, 2023, Plaintiff received the Pre-Determination Hearing results, which found alleged violations of OCPM Section 401, OCPM 403, Procurement Procedures Manual Section 18, and Ethics in Public Procurement policies.

34.    As a result of these findings, on July 23, 2023, Plaintiff was demoted from his position as Facilities Maintenance Supervisor back to Maintenance Technician, representing a significant reduction in both pay and status.

35.    The hostile work environment, discrimination, and retaliatory actions created intolerable working conditions that ultimately led to Plaintiff's constructive discharge when he was forced to retire on December 5, 2023.

36.    Throughout his employment, Plaintiff was treated less favorably than similarly situated non-Black and female employees. For example, white managers were given more authority, autonomy, and support in their roles, while Plaintiff's authority was consistently undermined and questioned.

37.    The discriminatory treatment extended to workplace policies and procedures. While Plaintiff was severely disciplined for alleged policy violations, similar infractions by non-Black and female employees were either overlooked or met with minimal consequences.

38.    Plaintiff made multiple complaints about the discriminatory treatment to his supervisors and Human Resources, but no meaningful action was taken to address or remedy the situation. Instead, the complaints led to increased hostility and eventual retaliation in the form of his demotion.

39.    The combination of discriminatory treatment, hostile work environment, and retaliation caused Plaintiff to suffer severe emotional distress, damage to his professional reputation, loss of income, and other damages.

40.    The discriminatory treatment was further evidenced by the disparity in workplace support and resources. While other managers received administrative assistance and support staff, Plaintiff was frequently required to perform both managerial and technical duties without adequate support.

41.    During his tenure as Facilities Maintenance Supervisor, Plaintiff

was excluded from important management meetings and decision-making processes that directly affected his department, while white managers were regularly included and consulted.

42.    Defendant's discriminatory practices extended to the allocation of resources and budget for maintenance projects. Plaintiff's requests for necessary equipment and supplies were frequently delayed or denied, while similar requests from white managers were promptly approved.

43.    The hostile work environment was particularly evident in staff meetings, where Plaintiff's input was routinely dismissed or ignored by Ms. Ruff, while contributions from white and female managers were welcomed and implemented.

44.    Despite his extensive experience and successful track record, Plaintiff was subjected to heightened scrutiny and criticism of his work performance, while similar oversight was not applied to his white and female counterparts.

45.    The cumulative effect of these discriminatory actions created an environment where Plaintiff was effectively prevented from successfully performing his job duties, leading to his constructive discharge.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Race Discrimination

46.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.    Plaintiff is a Black male.

48.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

49.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

50.    Throughout his employment with Defendant, Plaintiff was subjected to discrimination based on his race, including but not limited to:

a.   Being denied appropriate training opportunities that were provided to white employees;

b.   Having his authority as a supervisor undermined;

c.   Being subjected to heightened scrutiny of his work performance;

d.   Being excluded from important management meetings and decision-making processes;

e.   Having his requests for necessary equipment and supplies delayed or denied while similar requests from white managers were promptly approved;

f.   Being subjected to discriminatory treatment regarding leave requests; and

g.   Being subjected to disproportionate disciplinary action for alleged policy violations.

51.   Defendant knew or should have known of the discrimination suffered by Plaintiff, as Plaintiff made multiple complaints to his supervisors and Human Resources about the discriminatory treatment.

52.   Defendant violated Title VII by subjecting Plaintiff to discrimination because of his race by failing to promptly correct the

discriminatory behavior and by ultimately demoting Plaintiff from his position as Facilities Maintenance Supervisor.

53. The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination against Plaintiff, deprived him of statutory rights under Title VII.

54. Defendant's actions constitute discrimination in violation of Title VII.

55. As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

a. Lost wages and benefits, past and future;

b. Lost earning capacity;

c. Noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damage to his professional reputation, and other nonpecuniary losses and intangible injuries.

**WHEREFORE,** the Plaintiff, NICK SANDERS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ORANGE COUNTY GOVERNMENT, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on his race;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATIONS OF THE FLORIDA CIVIL RIGHTS ACT
### Race Discrimination

56.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

57.    Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, Florida Statutes, by virtue of his race.

58.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

59. Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

60. The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful discrimination based on race.

61. As his employer, Defendant was obligated to guard against the discrimination of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from discrimination in the workplace.

62. Defendant violated the FCRA by subjecting Plaintiff to discrimination because of his race by failing to promptly correct the discriminatory conduct toward Plaintiff once it learned of it and by ultimately demoting him from his position.

63.     Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, and privileges of his employment with Defendant.

64.     The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived him of statutory rights under the FCRA.

65.     As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

      a.     Lost wages and benefits, past and future;

      b.     Lost earning capacity;

      c.     Noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damage to his professional reputation; and

      d.     Other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, NICK SANDERS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ORANGE COUNTY GOVERNMENT, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the Florida Civil Rights Act;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the discrimination to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other

economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.     Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Hostile Work Environment

66.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

67.     During his employment with Defendant, Plaintiff was subjected to a severe and pervasive hostile work environment based on his race.

68.     The hostile work environment included, but was not limited to:

a.     Being subjected to hostile and racist behavior from Ken Kifier, including yelling and aggressive conduct during meetings;

b.      Having his supervisor, Sandra Ruff, acknowledge that Kifier was "racist" but take no corrective action;

c.      Being bullied, disrespected, and disregarded by his supervisor;

d.      Being subjected to public humiliation in front of staff;

e.      Having his authority consistently undermined;

f.      Being excluded from important management meetings and decision-making processes; and

g.      Being subjected to heightened scrutiny and criticism of his work performance.

69.    The above-described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's race.

70.    As his employer, Defendant was obligated to protect Plaintiff from a hostile work environment.

71.    Defendant violated Title VII by, among other things, failing to promptly correct Plaintiff's hostile work environment once it learned of it.

72.    Plaintiff, by being subjected to this hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

73. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent Plaintiff's hostile work environment, deprived him of statutory rights under Title VII.

74. As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following:

    a.    Lost wages and benefits, past and future;

    b.    Lost earning capacity; and

    c.    Noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damage to his professional reputation, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, NICK SANDERS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ORANGE COUNTY GOVERNMENT, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by subjecting Plaintiff to a hostile work environment based on his race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the hostile work environment to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.    Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the

prevailing rate, as provided by law;

F.     Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IV
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Sex Discrimination

75.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

76.     Plaintiff is a Black male and a member of protected classes under Title VII based on his sex (male) and race (Black).

77.     At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

78.     Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a), in that the definition includes governmental agencies and political subdivisions.

79.     Throughout his employment with Defendant, Plaintiff was subjected to discrimination based on his sex (male), including but not limited

to:

    a.    Being subjected to disparate treatment by his female supervisor, Sandra Ruff;

    b.    Being denied training opportunities that were provided to female employees;

    c.    Having his leave requests frequently denied while similar requests from female employees were approved;

    d.    Being subjected to public humiliation and hostile treatment not directed at female employees;

    e.    Being subjected to heightened scrutiny of his work performance; and

    f.    Being demoted from his position as Facilities Maintenance Supervisor to Maintenance Technician.

80. The discriminatory treatment began to escalate after Plaintiff was promoted to Facilities Maintenance Supervisor, particularly through the actions of his female supervisor, Sandra Ruff.

81. On March 24, 2023, Ms. Ruff publicly humiliated Plaintiff by yelling at him in front of other employees, demonstrating a pattern of disparate treatment toward male employees.

82. Despite Plaintiff's complaints about the discriminatory treatment, Defendant failed to take appropriate corrective action to address the sex-based discrimination.

83. Defendant's discriminatory intent is evidenced by the sequence of events following Plaintiff's complaints, including his demotion on July 23, 2023, and placement on a Performance Improvement Plan despite his previously perfect evaluations.

84. The hostile work environment created by Ms. Ruff and other supervisors was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

85. Defendant knew or should have known of the discrimination suffered by Plaintiff and failed to take appropriate remedial action.

86. The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination against Plaintiff, deprived him of statutory rights under Title VII.

87. Defendant's actions constitute discrimination in violation of Title

VII.

88.    As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

> a.    Lost wages and benefits, past and future;
>
> b.    Lost earning capacity;
>
> c.    Emotional distress;
>
> d.    Mental anguish;
>
> e.    Loss of dignity;
>
> f.    Damage to professional reputation; and
>
> g.    Other economic and non-economic damages according to proof.

**WHEREFORE**, the Plaintiff, NICK SANDERS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ORANGE COUNTY GOVERNMENT, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by subjecting Plaintiff to a hostile work

environment based on his gender;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of the hostile work environment to which Defendant subjected him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of the damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.      Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff his attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT IV
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
### Gender Discrimination

89.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

90.    Plaintiff is a 45-year-old Black male.

91.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

92.    Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

93.    At all times material herein, Defendant was and is an

"employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

94. Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by his co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

95. Throughout his employment with Defendant, Plaintiff was subjected to discrimination based on his sex (male), including but not limited to:

       a.    Being subjected to disparate treatment by his female supervisor, Sandra Ruff;

       b.    Being denied training opportunities that were provided to female employees;

       c.    Having his leave requests frequently denied while similar requests from female employees were approved;

       d.    Being subjected to public humiliation and hostile treatment not directed at female employees;

       e.    Being subjected to heightened scrutiny of his work performance; and

       f.    Being demoted from his position as Facilities Maintenance

Supervisor to Maintenance Technician.

96.    The discriminatory treatment began to escalate after Plaintiff was promoted to Facilities Maintenance Supervisor, particularly through the actions of his female supervisor, Sandra Ruff.

97.    On March 24, 2023, Ms. Ruff publicly humiliated Plaintiff by yelling at him in front of other employees, demonstrating a pattern of disparate treatment toward male employees.

98.    Despite Plaintiff's complaints about the discriminatory treatment, Defendant failed to take appropriate corrective action to address the sex-based discrimination.

99.    Defendant's discriminatory intent is evidenced by the sequence of events following Plaintiff's complaints, including his demotion on July 23, 2023, and placement on a Performance Improvement Plan despite his previously perfect evaluations.

100.    The hostile work environment created by Ms. Ruff and other supervisors was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

101.    Defendant knew or should have known of the discrimination

suffered by Plaintiff and failed to take appropriate remedial action.

102. The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination against Plaintiff, deprived him of statutory rights under FCRA.

103. Defendant's actions constitute discrimination in violation of FCRA.

104. As a direct, proximate, and foreseeable result of Defendant's discriminatory actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following:

    a.    Lost wages and benefits, past and future;

    b.    Lost earning capacity;

    c.    Emotional distress;

    d.    Mental anguish;

    e.    Loss of dignity;

    f.    Damage to professional reputation; and

    g.    Other economic and non-economic damages according to proof.

**WHEREFORE**, the Plaintiff, NICK A. SANDERS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ORANGE COUNTY GOVERNMENT, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by subjecting Plaintiff to gender discrimination;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against him, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination he has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other

economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Retaliation

105.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

106.   Plaintiff engaged in protected activity under Title VII by complaining about discrimination based on his sex and race.

107.   Following Plaintiff's protected activity, Defendant took adverse employment actions against him, including but not limited to:

a.    Placing him on a Performance Improvement Plan despite his previously perfect evaluations;

b.    Subjecting him to heightened scrutiny;

c.    Demoting him from Facilities Maintenance Supervisor to Maintenance Technician;

d.    Creating intolerable working conditions leading to his constructive discharge; and

e.    Other adverse actions affecting the terms and conditions of his employment.

108.    A causal connection exists between Plaintiff's protected activity and the adverse employment actions, as evidenced by:

a.    The temporal proximity between his complaints and the adverse actions;

b.    The pretextual nature of the reasons given for his demotion;

c.    The pattern of escalating hostile treatment following his complaints; and

d.    The disparate treatment compared to employees who had not engaged in protected activity.

109.    Defendant's retaliatory actions were willful and malicious, demonstrating a reckless disregard for Plaintiff's federally protected rights.

110.    As a direct, proximate, and foreseeable result of Defendant's

retaliatory actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer damages including:

    a.    Lost wages and benefits, past and future;

    b.    Lost earning capacity;

    c.    Emotional distress;

    d.    Mental anguish;

    e.    Loss of dignity;

    f.    Damage to professional reputation; and

    g.    Other economic and non-economic damages according to proof.

**WHEREFORE**, the Plaintiff, NICK A. SANDERS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ORANGE COUNTY GOVERNMENT, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual losses he has suffered because of the discrimination and

retaliation to which Defendant subjected him, including, but not limited to:

1. Front pay in lieu of reinstatement;

2. Full backpay with interest;

3. Lost benefits; and

4. Other appropriate measures to overcome the effects of the discrimination and retaliation;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate him for the nature, extent, and duration of his injuries caused by Defendant's discriminatory and retaliatory conduct;

D.    Award punitive damages to Plaintiff in an amount sufficient to punish Defendant for its willful, wanton, and reckless conduct and to deter similar conduct in the future;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate;

F.    Award Plaintiff his reasonable attorneys' fees, expert witness fees, and costs of this action; and

G.    Grant such other and further relief as this Court may deem

equitable, just, and proper.

## COUNT VII
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Retaliation

111. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

112. Plaintiff engaged in protected activity under Title VII by complaining about discrimination based on his sex and race.

113. Following Plaintiff's protected activity, Defendant took adverse employment actions against him, including but not limited to:

    a.    Placing him on a Performance Improvement Plan despite his previously perfect evaluations;

    b.    Subjecting him to heightened scrutiny;

    c.    Demoting him from Facilities Maintenance Supervisor to Maintenance Technician;

    d.    Creating intolerable working conditions leading to his constructive discharge; and

    e.    Other adverse actions affecting the terms and conditions of

his employment.

114.  A causal connection exists between Plaintiff's protected activity and the adverse employment actions, as evidenced by:

a.    The temporal proximity between his complaints and the adverse actions;

b.    The pretextual nature of the reasons given for his demotion;

c.    The pattern of escalating hostile treatment following his complaints; and

d.    The disparate treatment compared to employees who had not engaged in protected activity.

115.  Defendant's retaliatory actions were willful and malicious, demonstrating a reckless disregard for Plaintiff's federally protected rights.

116.  The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

117.  As his employer, Defendant was obligated to guard against the retaliation of Plaintiff by his co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the

workplace.

118.   Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

119.   Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of his employment with Defendant.

120.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation against Plaintiff, deprived him of statutory rights under the FCRA.

121.   As a direct, proximate, and foreseeable result of Defendant's retaliatory actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer damages including:

   a.   Lost wages and benefits, past and future;

   b.   Lost earning capacity;

   c.   Emotional distress;

   d.   Mental anguish;

    e.     Loss of dignity;

    f.     Damage to professional reputation; and

    g.     Other economic and non-economic damages according to proof.

**WHEREFORE**, the Plaintiff, NICK A. SANDERS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ORANGE COUNTY GOVERNMENT, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff based on his complaints regarding the harassment and discrimination he experienced on the job;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's retaliation against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation he has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 23rd day of November 2024.

/s/ Jason W. Imler, Esq
Jason W. Imler
Florida Bar No. 1004422

Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Attorneys for Plaintiff